# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **RHONDA JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| vs. ) | **CV-22** |
| ) | **JURY DEMAND** |
| ) | |
| **SUMTER COUNTY, GEORGIA,** ) | |
| ) | |
| **Defendant.** ) | |

# COMPLAINT

**I.   JURISDICTION**

1. This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.* ("§504"), and retaliation for engaging in protected activity under brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a.

2. Plaintiff is seeking injunctive relief pursuant to Title I of the Americans with Disabilities Act against Defendants.  Plaintiff is seeking injunctive, equitable and monetary relief pursuant to the Rehabilitation Act of 1974, §504 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil

1

Rights Act of 1991, and 42 U.S.C. §1981a against Defendants.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §12117. Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of the Dismissal and Notice of Rights issued by the Equal Employment Opportunity Commission on or about September 15, 2022.

## II. PARTIES

4. Plaintiff, Rhonda Jackson, is a citizen of the United States and a resident of Americus, Georgia. At all times relevant to this lawsuit, Plaintiff was employed with Defendants at its Americus, Georgia location.

5. Defendant, Sumter County, Georgia, is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Georgia.

6. Defendant, Sumter County Board of Commissioners, is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Georgia.

## III. FACTUAL ALLEGATIONS

7. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-6 above.

8. Plaintiff was hired by Defendants on March 14, 2014, as an Administrative Assistant.

9. Plaintiff is a person with a disability. Specifically, as Defendants were aware, Plaintiff has COPD and chronic kidney disease, stage 4. Plaintiff's diagnosis and her other multiple comorbidities made very vulnerable to COVID. She was advised by her physicians to avoid any interaction with any person with known or suspected COVID and to take extra precautions outside of her home to protect herself against COVID and other respiratory infections.

10. Even though the office where the Plaintiff worked had a sign on the door that required all visitors entering the office to wear a mask, that was not the case. Numerous individuals would enter the office without wearing masks which put Plaintiff in a vulnerable position due to her disability. Therefore, Plaintiff did spray Lysol in and around her area when individuals entered without wearing a mask.

11. Plaintiff was never counseled, disciplined, or written up for spraying Lysol in her area prior to her termination.

12. Plaintiff's disability resulted in her being out on intermittent FMLA/medical leave several times starting in May 2021 and continued in 2022.

13. When Plaintiff returned to work from one of her intermittent FMLA leaves on March 28, 2022, she learned that several employees made complaints, on or about March 11, 2022, that Plaintiff has sprayed Lysol on them. Plaintiff was given five days to provide a verbal response.

14. In Plaintiff's response, she stated that it was well-known that she has a disability which would be fatal if she is/was exposed to COVID. Therefore, this is the reason that Plaintiff did spray Lysol around her workspace whenever someone comes in or near her area. However, Plaintiff never sprayed Lysol directly on anyone.

15. Plaintiff also filed, on April 22, 2022, a grievance regarding these accusations by co-workers and the treatment she was receiving based on her disability.

16. Days after filing her grievance, on April 26, 2022, Plaintiff was called into a meeting with Rayetta Volley, Administrator, and Human Resources Director Deatrice Harris. During this meeting, Plaintiff was informed that she was going to be terminated immediately for allegedly spraying Lysol on employees, which violated Defendants' harassment policy.

IV. **CAUSES OF ACTION**

    A. **COUNT ONE - SECTION 504 OF THE REHABILITATION ACT OF 1973 CLAIM AGAINST DEFENDANTS**

17. As detailed in the above factual allegations, Plaintiff is a person with a disability, has a history of a disability, and Defendants regarded Plaintiff as disabled pursuant to the Rehabilitation Act. Defendants were aware of all her medical conditions during Plaintiff's employment.

18. Defendants are an employer in accordance with 42 U.S.C. §12111(5),

a public entity in accordance with 42 U.S.C. §12131(1) and receives federal financial assistance pursuant to §504.

19. Plaintiff is a qualified individual as defined under the Rehabilitation Act. Despite Plaintiff's disability, with or without reasonable accommodation, she was able to perform job duties and responsibilities with or without accommodations. 29 U.S.C. §794; *see* 42 U.S.C. §12111.

20. Under the Rehabilitation Act, Defendants are prohibited from discriminating against Plaintiff, a qualified individual, based on disability, her record of disability or its perception of her as disabled related to reasonable accommodations, FMLA, evaluations, job/work assignments, time off, or work environment.

21. Defendants intentionally, maliciously, and with reckless indifference discriminated against Plaintiff because of her actual or perceived disability or her record of a disability.

22. Defendants violated the Rehabilitation Act by terminating Plaintiff's employment while she was out on leave.

23. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, compensatory damages, and injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

24.     As a result of Defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment.  Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

### B.     COUNT TWO – RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

25.     Plaintiff incorporates by reference paragraphs the allegations hereinabove in paragraphs 8-24.

26.     Plaintiff engaged in protected activity by filing a grievance due to the accusations of her co-workers and treatment by Defendants because of her disabilities.

27.     Plaintiff was then terminated because of her actions.

28.     Defendants' actions, which happened within days of Plaintiff's grievance, are causally related to Plaintiff's protected activity.

29.     Defendants' reason for terminating Plaintiff was pretext for retaliation. Plaintiff was treated differently and terminated within a very short period because of her protected activity.

30.     As a result of this retaliatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

31.     Defendants engaged in the practices complained of herein with malice

and/or reckless indifference to Plaintiff's federally protected rights.

32. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of Defendants are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a.

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with Defendants and at Defendants' request from continuing to violate the Act of Congress known as the Americans with Disabilities Act (ADA), 42 U.S.C. §12102 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a.

3. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with Defendants from continuing to violate and the Acts of Congress known as the Rehabilitation Act, 42 U.S.C. §12101 *et seq* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a.

4. Enter an Order requiring Defendants to make Plaintiff whole in awarding her reinstatement, any lost position(s) and/or lost wages she would have earned in the absence of disability discrimination, back-pay (plus interest), declaratory and injunctive relief, compensatory and punitive damages, nominal damages, lost seniority, benefits, and lost pension.

5. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS**

Respectfully submitted,

/s/ William Gregory Dobson, Esq.
William Gregory Dobson
Georgia Bar No. 237770
LOBER & DOBSON, LLC
1040 Fort Stephenson Road
Lookout Mountain, Georgia 30750
Telephone:  (478) 745-7700
wgd@lddlawyers.com

/s/ A. Danielle McBride, Esq.
A. Danielle McBride
Georgia Bar No. 800824
LOBER & DOBSON, LLC
830 Mulberry Street, Suite 201
Macon, Georgia 31201
Telephone:  (478) 745-7700
admcbride@lddlaywers.com

Gregory O. Wiggins
(*Pro Hac Vice* to be filed)
WIGGINS, CHILDS, PANTAZIS
    FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
gwiggins@wigginschilds.com

*Counsel for Plaintiff*

**DEFENDANTS' ADDRESSES:**

Sumter County, Georgia
c/o Mark Waddell, Chairman
Sumter County Board of Commissioners
500 W Lamar Street
Americus, Georgia 31709