**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| RHONDA JACKSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:22-CV-207 (LAG) |
| : | |
| SUMTER COUNTY, GEORGIA, : | |
| : | |
| Defendant. : | |
| : | |

# ORDER

Before the Court is William Jackson's Renewed Motion to Substitute Widow, William Jackson, for Deceased Plaintiff Rhonda Jackson as Plaintiff in this Action (Renewed Motion to Substitute) (Doc. 36). Therein, William Jackson seeks to substitute himself in place of Rhonda Jackson as the plaintiff in this action. (*Id.*). For the reasons below, the Motion to Substitute (Doc. 36) is **GRANTED**.

On June 20, 2024, Plaintiff's counsel filed a Suggestion of Death explaining that Plaintiff passed away on June 5, 2024, and attached Plaintiff's death certificate. (Doc. 33). William Jackson timely filed his first Motion to Substitute the same day, asking the Court to enter an order substituting him as the plaintiff in this action. (Doc. 34). The Court denied the motion because Mr. Jackson had not demonstrated that he was a proper party under Rule 25(a), which requires that "[a] motion for substitution . . . be made by any party or by the decedent's successor or representative." *See Hardy v. Potter*, No. 408CV223, 2009 WL 2391239, at *2 (S.D. Ga. Aug. 4, 2009); *Am. Serv. Ins. v. Webber's Transp., LLC*, CV429-013, 2022 WL 696797, at *2 (S.D. Ga. Mar. 8, 2022); (Doc. 35). Under Georgia law, a "personal representative" is "any administrator, administrator with the will annexed, county administrator, or executor." O.C.G.A. § 53-1-2(12). The Court gave Williams ninety days to "file a renewed motion and submit evidence to the Court that [he is] Plaintiff's personal representative or successor." (Doc. 35 at 3). Plaintiff timely filed the

Renewed Motion to Substitute on October 18, 2024. (Doc. 36). Therein, Jackson asserts that he was named the Executor of Plaintiff's estate and attaches an Order from the Sumter County Probate Court appointing him as the executor of Plaintiff's estate. (Doc. 36 ¶ 3; Doc. 36-1). Defendant did not respond to the Renewed Motion to Substitute. (*See* Docket). The Renewed Motion to Substitute is ripe for review. M.D. Ga. L.R. 7.2.

Pursuant to Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Jackson has demonstrated that he is Plaintiff's personal representative and a proper party under Rule 25 to file a Motion to Substitute by attaching Sumter County Probate Court's order appointing him as executor of Plaintiff's estate. (Doc. 36-1); O.C.G.A. § 53-1-2(12); *see Hardy*, 2009 WL 2391239, at *2–3; *see Webber's Transp., LLC*, 2022 WL 696797, at *2. Thus, the Court must consider whether Plaintiff's claims for discrimination under Title I of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794, and for retaliation pursuant to 42 U.S.C. § 1981, Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the ADA, were extinguished upon her death. (*See* Doc. 9).

"In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law." *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993) (citing *James Home Constr. Co. of Mobile*, 621 F.2d 727, 729 (5th Cir. 1980)). Neither the text or legislative history of Title VII, ADA, the Rehabilitation Act, or 42 U.S.C. § 1981 "reveals the drafters' intent with respect to survivability." *Id.* Thus, courts have turned to the common law for guidance. *See id.* "[R]esolution of the survivability issue depends on whether the recovery" set out in the statutes "is deemed 'remedial' or 'penal.'" *Id.* In determining whether a statute is penal or remedial, courts consider three factors: (1) "whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public;" (2) "whether recovery under the statute runs to the harmed individual or to the public;" and (3) "whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." *Id.* (quoting *In re Wood*, 643 F.2d

2

188, 191 (5th Cir. 1980)). The Eleventh Circuit has explained that Title VII and the Rehabilitation Act are "remedial rather than penal statute[s.]" *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 876 (11th Cir. 1986) (holding that cause of action under Title VII survived the death of the plaintiff under both Georgia and federal law); *Jones v. Metropolitan Atlanta Rapid Transit Auth.*, 681 F.2d 1376, 1380 (11th Cir. 1982) (noting that the Rehabilitation Act is "remedial in nature" (citing *Carmi v. Metro. St. Louis Sewer Dist.*, 620 F.2d 677, 677 (8th Cir. 1980)). Accordingly, Plaintiff's claims under the Rehabilitation Act and Title VII survive her death.

Likewise, considering the *NEC Corp.* factors, the ADA and Section 1981 are remedial statutes and these claims also survive Jackson's death. *See Est. of Dotson v. Scottish Rite Child.'s Med. Ctr., Inc.*, 1:04-CV-2813-CAM, 2005 WL 8155109, at *1–2 (N.D. Ga. July 21, 2005) (determining that causes of action under ADA and Rehabilitation Act for punitive damages survive after the death of plaintiff under Georgia and federal law); *Am. Gen. Life & Accident Ins. v. Ward*, 509 F. Supp. 2d 1324, 1334 (N.D. Ga. 2007) (determining under state law that representative of counterclaim plaintiff's estate could pursue counterclaim plaintiff's claims under 42 U.S.C. §§ 1981 and 1988 after his death). With regard to this first factor, as courts in this district have noted, "the ADA [is a] broad remedial statute[] adopted by Congress to address, in part discrimination in employment on the basis of . . . disability." *Roman v. Concharty Council of Girl Scouts, Inc.*, 195 F. Supp. 2d 1377, 1380 n.5 (M.D. Ga. 2002). Similarly, the 1866 Civil Rights statute, and subsequently § 1981, "was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race[,]" and now § 1981 "affords a federal remedy against discrimination in private employment on the basis of race[.]" *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 285, 295 (1976). Thus, both statutes set out to remedy individual wrongs due to discrimination. As to the second factor, the remedies for both § 1981 and the ADA run to the wronged individual rather than the public—individuals file lawsuits to recover damages for the discrimination they personally have experienced. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (1975) ("An individual who establishes a cause of action under [§] 1981 is entitled to both

equitable and legal relief, including compensatory . . . damages"); 42 U.S.C. § 12117(a). Finally, as to the third factor, "the authorized recovery under the [ADA and § 1981 are] not disproportionate to the harm suffered since . . . [the ADA and § 1981] are intended to make whole the victims of discrimination." *Kilgo*, 789 F.2d at 876. Therefore, as the ADA and § 1981, like the Rehabilitation Act and Title VII, are remedial statutes rather than penal ones, all of Plaintiff's claims survive her death; and, pursuant to Rule 25, William Jackson may pursue the claims as the representative of her estate.

Accordingly, the Renewed Motion to Substitute (Doc. 36) is **GRANTED**, and the stay in this matter is **LIFTED**.

**SO ORDERED**, this 3rd day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**